UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 04-10247 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. CR-03-00224-1-HG |
| v. | |
| JOHN CORMAC RODDY, | **JUDGMENT** |
| Defendant - Appellant. | |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered Thursday, December 23, 2004

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 2 3 2004

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 04-10247 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00224-1-HG |
| v. | |
| JOHN CORMAC RODDY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted December 8, 2004**
San Francisco, California

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

After entering a conditional guilty plea, John Cormac Roddy appeals his judgment of conviction for being an unlawful user of controlled substances in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) and 18 U.S.C. §

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

924(a). Pursuant to his conditional guilty plea, Roddy raises an issue whether the district court improperly denied his motion to suppress evidence, with request for an evidentiary hearing, under *Franks v. Delaware*, 438 U.S. 154 (1978), thus challenging the sufficiency of the warrant that authorized the police to search his residence. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we affirm.

To get a *Franks* hearing, Roddy had to make a substantial preliminary showing (1) that the affidavit contained intentionally or recklessly false statements, *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980), or omissions, *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), and (2) that without the alleged defects the affidavit would not establish probable cause. *Lefkowitz*, 618 F.2d at 1317. Roddy did not make such a showing.

Roddy asserted these alleged defects: (1) that the affidavit contained false statements regarding the warrant affiant Officer Mitsunaga's "personal knowledge" and the "constant surveillance" the police conducted of their confidential informant ("CI") during the alleged controlled purchase the CI made from Roddy; (2) that the affidavit contained unsubstantiated allegations on the CI's reliability and on the fact that Roddy was a user and distributor of crystal methamphetamine; (3) that the search results demonstrated that the information

2

given by the CI as related in the affidavit was false; and (4) that Officer Mitsunaga omitted material facts from the affidavit that would have compromised the CI's credibility.

The first three alleged defects do not satisfy the first prong of the *Franks* analysis, requiring a showing of intentionally or recklessly false statements or omissions by the affiant. First, the boilerplate language stating that the affidavit was based on the "affiant's personal knowledge" did not render the affidavit facially false, even though the attachments had information Officer Mitsunaga received secondhand from his colleague, Officer Haanio. The attachments stated that Officer Mitsunaga was relying on facts learned from Officer Haanio, and there was no danger that the reviewing judge would have been misled about the source of Officer Mitsunaga's information. *United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983) (officers can rely on information received from colleagues in preparing affidavits if they identify the sources of their information so that the reviewing magistrate can properly evaluate probable cause).

Also, the statement in the affidavit regarding the police officers' "constant surveillance" of the CI during the controlled purchase the CI made from Roddy's house was not false even if the officers did not have the CI within their direct line of sight during the entire transaction. "Constant surveillance" cannot reasonably

3

be interpreted to mean that the CI was in sight throughout the whole transaction. Rather, the affidavit should be given its ordinary meaning that police surveilled the CI as he entered and left the Roddy residence and as he traveled to a prearranged location to meet with Officer Haanio. As so understood there was no false statement.

Second, the record does not support Roddy's contention that the statements in the affidavit regarding the CI's veracity and Roddy's status as a "user/distributor of crystal methamphetamine" were unsubstantiated. The affidavit alleged that the CI had provided the police with truthful information about drug activities on at least six prior occasions, and that the CI's tips had led to the recovery of crystal methamphetamine on at least three prior occasions. The affidavit also alleged that the information the CI provided about Roddy's use and distribution of crystal methamphetamine was corroborated by another Vice officer, Detective Saldua, who had personal knowledge of Roddy's drug activities, and by anonymous complaints the police received about drug activity at Roddy's residence.

Third, that the search did not turn up the recorded bills the CI claimed he gave to Roddy during the controlled purchase transaction does not entitle Roddy to a *Franks* hearing. A *Franks* motion should challenge the veracity of the affiant,

4

not his or her informant. *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983). Even if the CI lied about giving the recorded bills to Roddy, there is no evidence that Officer Mitsunaga knew the CI was lying when Officer Mitsunaga listed the bills among the items he expected the police to find at Roddy's home in the warrant application.

Finally, even though Officer Mitsunaga knowingly omitted the CI's criminal history from the warrant affidavit, we conclude that this omission does not satisfy the second prong of *Franks*. None of the CI's past offenses are crimes of dishonesty that are relevant to his veracity as an informant. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). Any doubts the CI's criminal history might have raised as to his credibility are outweighed by the fact that the CI previously had given the police reliable information supporting successful investigations and arrests. *Id.* at 1045. The probable cause determination was not affected by the omission of the CI's criminal history on petty crimes that did not show dishonesty or otherwise bear on the CI's reliability as an informant in this case.

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 20 2005

by
Deputy Clerk